**NOT FOR PUBLICATION**

```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY


ADONIS D. THOMAS,              :
                                    Civil Action No. 12-2047 (JLL)
          Petitioner,          :

          v.                   :   OPINION

CHARLES WARREN,                :
et al.,
                               :
          Respondents.
```

**APPEARANCES:**

    Petitioner pro se
    Adonis D. Thomas
    303255 / 979516B
    New Jersey State Prison
    P.O. Box 861
    Trenton, NJ 08625

    Counsel for Respondents
    Sara A. Friedman
    Essex County Prosecutor
    Essex County Courts Building
    Newark, NJ 07102

**LINARES**, District Judge

    Petitioner Adonis D. Thomas, a prisoner currently confined at New Jersey State Prison in Trenton, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner paid the $5 filing fee.  The respondents are Charles Warren and Jeffrey Chiesa.

For the reasons stated herein, the Petition must be dismissed.

## I.  BACKGROUND

Petitioner states that he was convicted in the Superior Court of New Jersey, Law Division, Essex County of "[m]urder, murder, attempted murder, aggravated assault, burglary, theft by unlawful taking, unlawful possession of a weapon, possession of a weapon for unlawful purpose, possession of a weapon by a convicted felon" and sentenced on July 10, 1998 to three consecutive life terms with consecutive periods of parole.  See Petition, paragraphs 1-5 (Docket Entry no. 1).[1]  Petitioner's convictions and sentence were affirmed by the Superior Court of New Jersey, Appellate Division on January 11, 2004.  See Petition, paragraph 9(a)-(d).  Petition for Certification was denied by the Supreme Court of New Jersey on March 28, 2001.  See Petition, paragraph 9(g).  Petitioner's Petition for Post-Conviction Relief ("PCR") with the Superior Court of New Jersey, Law Division, Essex County was denied on July 30, 2004.  See Petition, paragraph 11.  The Superior Court of New Jersey, Appellate Division reversed and remanded, after which the Law Division denied PCR on December 22, 2008.  See id.  Petitioner's appeal to the Supreme Court of New Jersey was denied on November

---

[1] Respondents provide clarification with respect to those assertions in their Response, paragraphs 3, 5, Docket Entry no. 12.

18, 2011.  See id.  The clerk of the court here received Petitioner's Petition on April 2, 2012.

## II.  STANDARD OF REVIEW

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254 (a).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies.  See 28 U.S.C. § 2254(b)(2); Lambert v.

Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989).

### III. ANALYSIS

Petitioner has presented thirteen grounds for relief before this Court. In their Answer, Respondents assert that Petitioner has failed to exhaust some of his constitutional arguments in state court before presenting them to this Court, specifically with respect to Grounds Four, Five, Nine, and Ten as presented here. Ground Four was presented at the PCR appeal stage but was not discussed in the same terms presented here, and was not raised in Petitioner's direct appeal. Ground Five was raised during Petitioner's PCR appeal but not during the direct appeal process. Grounds Nine and Ten were not raised on direct appeal, and while raised during PCR, were not raised at the appeal stage of PCR. See generally, Exhibits attached to Respondents' Response to the Petition for Writ of Habeas Corpus. See also,

Respondents' Response to the Petition for Writ of Habeas Corpus, pages 34-49.

The Court agrees with the assessment that certain of Petitioner's grounds are unexhausted and deems that since Petitioner did not first present those issues at the proper steps of the state court level, relief on those issues may not be granted here. Since the record indicates that Petitioner has failed to exhaust his state remedies with respect to the above-referenced four points of the Petition, the Petition must be dismissed.

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ...." 28 U.S.C. § 2254(b)(1). See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in

5

collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 351 (1989)(citing Picard v. Connor, 404 U.S. 270, 275 (1971)).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. Id. at 277.

6

Generally, district courts should dismiss petitions containing unexhausted claims in the absence of a state court decision clearly precluding further relief, even if it is not likely that a state court will consider the claims on the merits. Rose v. Lundy, 455 U.S. at 522; Banks v. Horn, 126 F.3d 206, 212-14 (3d Cir. 1997); see also Toulson, 987 F.2d at 989 ("Because no [New Jersey] court has concluded that petitioner is procedurally barred from raising his unexhausted claims and state law does not clearly require a finding of default, we hold that the district court should have dismissed the petition without prejudice for failure to exhaust state remedies"). But see Christy v. Horn, 115 F.3d 201, 206-07 (3d Cir. 1997) ("in rare cases exceptional circumstances of peculiar urgency may exist which permit a federal court to entertain an unexhausted claim").

Because the one-year statute of limitations enacted by AEDPA in 1996 is not statutorily tolled by the premature filing of a federal habeas petition, see Duncan v. Walker, 533 U.S. 167 (2001), federal courts sometimes may stay § 2254 habeas proceedings to permit prisoners to exhaust state claims. Petitioner has not requested such a stay.

The exhaustion requirement is a "total exhaustion" rule; that is, all claims presented in the federal habeas petition must have been exhausted in state court. Rose v. Lundy, 455 U.S. 509 (1982). At the time Lundy was decided, there was no statute of

7

limitation on the filing of federal habeas petitions.  The enactment in 1996 of a one-year limitations period for § 2254 habeas petitions,[2] however, "'has altered the context in which the choice of mechanisms for handling mixed petitions is to be made.'"  Crews v. Horn, 360 F.3d 374, 379 (2d Cir. 2011), cert. denied, 534 U.S. 1015 (2001)).  Because of the one-year limitations period, dismissal of a timely-filed mixed petition may forever bar a petitioner from returning to federal court.  "Staying a habeas petition pending exhaustion of state remedies is a permissible and effective way to avoid barring from federal court a petitioner who timely files a mixed petition."  Crews, 360 F.3d at 151.  The Court of Appeals for the Third Circuit has held that "when an outright dismissal could jeopardized the timeliness of a collateral attack, a stay is the only appropriate course of action."  Crews, 360 F.3d at 154.

The Supreme Court has somewhat limited the stay-and-abeyance rule announced in Crews.

> [S]tay and abeyance should be available only in limited circumstances.  Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.  Moreover, even if a petitioner had good cause for that failure, the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless.

---

[2] See 28 U.S.C. § 2244(d).

8

> ...
>
> On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.  In such circumstances, the district court should stay, rather than dismiss, the mixed petition. ...  For the same reason, if a petitioner presents a district court with a mixed petition and the court determines that stay and abeyance is inappropriate, the court should allow the petitioner to delete the unexhausted claims and to proceed with the exhausted claims if dismissal of the entire petition would unreasonably impair the petitioner's right to obtain federal relief.

Rhines v. Weber, 544 U.S. 269, 277-78 (2005) (citations omitted).

Even where a stay and abeyance is appropriate, the district court's discretion in structuring the stay is limited by the timeliness concerns reflected in the one-year statute of limitations.  "Thus, district courts should place reasonable time limits on a petitioner's trip to state court and back."  Id. at 278.  See also Crews, 360 F.3d at 154 ("If a habeas petition is stayed, the petitioner should be given a reasonable interval, normally 30 days, to file his application for state post-conviction relief, and another reasonable interval after the denial of that relief to return to federal court.  If a petitioner fails to meet either time-limit, the stay should be vacated nunc pro tunc.")(citations omitted).

Here, Petitioner failed to exhaust the claims presented here as to Grounds Four, Five, Nine, and Ten.  Thus, Petitioner has

9

presented this Court with a "mixed" petition, but has not requested a stay, nor has he presented any facts or argument suggesting that there is good cause for the failure to exhaust state remedies.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

10

Here, jurists of reason would not find it debatable whether this Court is correct in its procedural rulings. Accordingly, no certificate of appealability will issue.

## V. CONCLUSION

For the reasons set forth above, this action will be dismissed without prejudice for failure to exhaust state remedies. An appropriate order follows.

/s Jose L. Linares
Jose L. Linares
United States District Judge

Dated: January 25, 2013