**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADONIS D. THOMAS, | : | |
| | : | Civil Action No. 12-2047 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CHARLES WARREN, et al., | : | |
| | : | |
| Respondents. | : | |

**LINARES**, District Judge:

Currently before the Court is the motion of Adonis D. Thomas ("Petitioner") brought pursuant to Federal Rule of Civil Procedure 60(b) in which he challenges this Court's denial of his petition for a writ of habeas corpus. (ECF No. 71). Respondents have filed a response to the motion (ECF No. 72), to which Petitioner has replied. (ECF No. 76). For the following reasons, this Court will dismiss the motion without prejudice for lack of jurisdiction as the motion represents a second or successive habeas petition brought without leave of the Court of Appeals.

## I. BACKGROUND

Because this Court has already provided a full summary of the factual background of Petitioner's criminal prosecution in the opinion denying his petition for a writ of habeas corpus (ECF No. 58), only a brief recitation of the factual and procedural background is necessary for the purposes of this opinion. In June 1998, Petitioner was convicted in New Jersey state court of numerous charges including two counts of first degree murder and one count of first degree attempted murder, resulting in his receiving a sentence of three consecutive terms of life imprisonment. (Document 7 attached to ECF No. 13 at 1-2). Petitioner filed a direct appeal, and

the New Jersey Appellate Division affirmed his conviction in January 2001. (*Id.*). His petition for certification was thereafter denied by the New Jersey Supreme Court. *See State v. Thomas*, 167 N.J. 637, 772 A.2d 939 (2001).

Petitioner thereafter filed a petition for post-conviction relief, which was ultimately denied. (Document 6 attached to ECF No. 16). Following a limited remand for an evidentiary hearing, the PCR court again denied Petitioner's PCR petition, and the Appellate Division affirmed. (*See* Documents 3, 8 attached to ECF No. 14). The New Jersey Supreme Court thereafter denied certification in November 2011. *See State v. Thomas*, 208 N.J. 599, 34 A.3d 781 (2011).

Petitioner initially filed his petition for a writ of habeas corpus in this Court on or about April 2, 2012. (ECF No. 1). Following a dismissal of Petitioner's petition without prejudice for lack of exhaustion, Petitioner filed an amended petition in October 2013. (ECF No. 35). On October 26, 2015, this Court denied Petitioner's amended habeas petition on the merits. (ECF Nos. 58, 59). Petitioner appealed, and the Third Circuit denied him a certificate of appealability and dismissed his appeal on April 28, 2016 "for essentially the reasons set forth in [this Court's] opinion." (ECF No. 70). Seven months after the dismissal of his appeal, Petitioner filed his current Rule 60(b) motion. (ECF No. 71). In his motion, Petitioner requests that this Court reconsider the denial of his *Brady* claim in light of two cases decided after this Court denied his habeas petition that Petitioner contends now entitle him to relief – *Dennis v. Secretary*, 834 F.3d 263 (3d Cir. 2016), and *Wearry v. Cain*, 136 S. Ct. 1002 (2016).

## II. DISCUSSION

In his motion, Petitioner seeks relief from this Court's judgment denying his habeas petition pursuant to Federal Rule of Civil Procedure 60(b). "Rule 60(b) allows a party to seek

2

relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Because Petitioner does not raise any of the grounds for relief enumerated under sections one through five of Rule 60(b), his motion can only arise under Rule 60(b)(6). Rule 60(b)(6) is a mechanism that provides an opportunity for "extraordinary relief and may only be invoked upon a showing of exceptional circumstances." *Balter v. United States*, 410 F. App'x 428, 430 (3d Cir. 2010) (quoting *Coltec Indus., Inc. v. Hobgood*, 280 F.3d 262, 273 (3d Cir. 2002)). A motion under the rule may therefore not be based merely on a rehashing of the arguments presented prior to the original entry of judgment. *Id.*

In the habeas context, however, there are additional limitations on Rule 60(b) motions that arise out of the restrictions the habeas statute places on second or successive habeas petitions. *See Gonzalez*, 545 U.S. at 530. As the Court explained in *Gonzalez*, the habeas statute does not permit Petitioners to file second or successive habeas petitions without leave of the Court of Appeals. *Id.* (citing 28 U.S.C. § 2244). Thus, a Rule 60(b) motion in a habeas proceeding is only proper where that motion does not, in fact, represent a second or successive habeas application. *Id.* A Rule 60(b) petition is in fact a second or successive habeas petition where it presents a new claim for relief rather than challenge some procedural defect in the original judgment. *Id.* One example the Supreme Court has provided for what constitutes a new claim for relief is a motion in which a Petitioner asserts "that a subsequent change in substantive law is a reason justifying relief . . . from the previous denial of a claim." *Id.* at 531. Where such a claim is presented in a Rule 60(b) motion, that motion is a second or successive habeas petition and must be dismissed for lack of

jurisdiction where the Petitioner has not secured leave to raise that claim from the Court of Appeals. *Id.*

In this matter, Petitioner asserts only one basis for relief from this Court's prior judgment on the merits – his assertion that *Wearry* and *Dennis*, cases decided after that judgment, have altered the proper application of the *Brady* rule such that he should now be entitled to relief. His Rule 60(b) motion therefore is exactly the sort of claim that the Supreme Court has stated is in actuality a second or successive habeas petition over which this Court lacks jurisdiction absent prior authorization from the Court of Appeals. *Id.* at 530-31. Because Petitioner's motion seeks to assert a new claim for relief, his motion is in fact a second or successive habeas petition. *Id.* As Petitioner has provided no evidence that he has been granted leave to file a second or successive petition by the Court of Appeals, this Court therefore lacks jurisdiction over Petitioner's motion, and must dismiss the motion without prejudice as a second petition brought without leave. *Id.*; *see also* 28 U.S.C. § 2244.[1]

---

[1] Even if this Court did have jurisdiction over Petitioner's Rule 60(b) motion, his assertion that *Wearry* and *Dennis* have in any way changed the substantive law applicable to *Brady* claims is without merit. Those cases did not alter the application of *Brady*. In addition, the holdings in those cases do not in any way change the fact that the State in this matter did not possess the information Petitioner asserts he was denied, and no *Brady* violation can be said to have occurred in Petitioner's case as a result. *See Wearry*, 136 S. Ct. at 1005-06 (reversing a conviction where the state court's decision "r[a]n[] up against settled constitutional principles" as set forth in *Brady*); *Dennis*, 834 F.3d at 284-313 (applying *Brady* and its progeny without changing the substantive law as to *Brady* claims); (*see also* ECF No. 58 at 31-34). Thus, even if this Court did have jurisdiction to hear Petitioner's Rule 60(b) motion, that motion would have to be denied as meritless, because Petitioner has failed to set forth any exceptional circumstances warranting relief and instead merely attempts to rehash his *Brady* claim via *Wearry* and *Dennis*. *Balter*, 410 F. App'x at 430.

4

## III. CONCLUSION

For the reasons stated above, Petitioner's Rule 60(b) motion is DISMISSED WITHOUT PREJUDICE as an improper second habeas petition brought without leave of the Court of Appeals. An appropriate order follows.

Hon. Jose L. Linares,
United States District Judge

Dated: February 22nd, 2017